UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jose Israel SANCHEZ, CDCR #BC0031,<br><br>                    Plaintiff,<br><br>v.<br><br><br>DOE,<br><br>                    Defendant. | Case No.:  3:24-cv-0770-AGS-AHG<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |

## BACKGROUND

Plaintiff Josue Israel Sanchez, a self-represented inmate, is proceeding with a civil action under 42 U.S.C. § 1983. The Court dismissed Sanchez's initial complaint for failure to state a claim but granted him leave to amend. (ECF 4.) He has now filed an amended complaint in which he again alleges his right to access of courts and due process were violated when "legal paperwork" was "lost or destroyed." (ECF 5, at 2.) As discussed below, the Court dismisses the amended complaint for failure to state a claim.

## SCREENING

**A.     Legal Standard**

Because Sanchez is proceeding in forma pauperis, the Court must screen his amended complaint and dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). That is, a complaint must "contain sufficient

factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

### B. Sanchez's Allegations

In his amended complaint, Sanchez states that on April 5, 2023, legal materials, including "letters, motions, [and] complaint, all related to a false conviction" were lost and destroyed. (ECF 5, at 3, 8.) He alleges that on April 18, 2023, a federal petition for habeas corpus was dismissed, at least in part, because these legal materials had been lost. (*Id.* at 5.)

In the rest of the amended complaint, Plaintiff raises a litany of allegations related to his state criminal proceedings that the Court will not summarize in detail. In short, he states his criminal conviction was based on "fabricat[ed] evidence" and that he received ineffective assistance of counsel. (*See* ECF 5, at 3, 5, 7.) He also argues his federal habeas corpus petition in 23-cv-1159-CAB-MDD[1] was improperly dismissed. (*Id.* at 5–6.)

### C. Discussion

Sanchez again alleges his constitutional rights to access the courts and due process were violated when his legal materials were destroyed. (ECF 5, at 3–4.) And while he makes several references to several state officials, he names only "Doe" as a defendant. (*Id.* at 1.)

#### 1. *Access to Courts*

As discussed in this Court's previous order, prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To state a claim, a plaintiff must plausibly allege a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement was frustrated or impeded, and he suffered an actual injury as a result. *Lewis*, 518 U.S. at 353–55. An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation,

---

[1] The Court takes judicial notice of *Sanchez v. Cisneros*, 3:23-cv-1159-CAB-MDD. *See* Fed. Rule Evid. 201(b).

such as the inability to meet a filing deadline or to present a claim." *Id.* at 348.

Sanchez has again failed to show how the April 5, 2023 loss of his legal materials "frustrated" or "impeded" his habeas case in 22-cv-1159-CAB-MDD. In that case, Sanchez's request for a stay was denied and the case dismissed on April 18, 2023. *Sanchez v. Cisneros*, 22-cv-1159-CAB-MDD, ECF 31. But, as discussed in this Court's previous dismissal order, the briefing on those matters was complete well before the alleged loss of Sanchez's legal materials. *See id.* ECF 14; *id*. ECF 28. Therefore, Sanchez has failed to state an access-to-courts claim. *See Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (stating "[f]ailure to show that a 'non-frivolous legal claim had been frustrated' is fatal" to an access-to-courts claim).

### 2. *Due Process*

Sanchez also fails to state a procedural due process claim based on the loss of his property. "[A]n unauthorized intentional deprivation of property" by a prison official constitutes a violation of due process only if a meaningful post-deprivation remedy for the loss is unavailable. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Because California state law provides Sanchez with a meaningful post-deprivation remedy, *see Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95), he has failed to state a due process claim based on the alleged loss of property.

### 3. *State Criminal Proceedings and Federal Habeas Petition*

Finally, to the extent Sanchez may be attempting to challenge the validity of his state court conviction in his amended complaint, he may not do so in an action under 42 U.S.C. § 1983 unless he can first demonstrate the conviction was successfully overturned. *See Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994). Nor can he challenge the dismissal of his habeas petition in 22-cv-1159-CAB-MDD in this civil proceeding.

## CONCLUSION

For the above reasons, the Court **DISMISSES** plaintiff's amended complaint in its entirety without leave to amend for failure to state a claim. *See Hartmann v. Calif. Dep't*

*of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."). The Court also certifies that any appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated:  June 6, 2025

_____
Hon. Andrew G. Schopler
United States District Judge